**Evans B. CROCKER**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**No. B–88–117–CA.**

United States District Court, E.D. Texas, Beaumont Division.

April 23, 1991.

J.D. Rutland, Beaumont, Tex., for plaintiff.

Steven M. Mason, Tyler, Tex., for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

The claimant, Evans B. Crocker (Crocker) filed an application with the defendant, the Secretary of Health and Human Services (the Secretary), for supplemental security income based on disability (disability benefits). The Secretary denied Crocker's application, initially and upon reconsideration. Crocker then requested and received a hearing *de novo* before an Administrative Law Judge (ALJ). The ALJ issued a decision denying Crocker's request for disability benefits. The Appeals Council declined to review the ALJ's decision; therefore, the ALJ's decision became the final decision of the Secretary.

Crocker now appeals the Secretary's decision to this court, pursuant to 42 U.S.C. § 405(g). Both parties have filed motions for summary judgment under FED. R.CIV.P. 56. The court now rules on those motions.

### THE FACTS

Crocker alleges he is disabled due to arthritis, high blood pressure, a left leg injury, and asbestosis. R. 44–47. The claimant testified at the hearing before the

ALJ that he had previously been employed as a welder and pipefitter. R. 19–20. He further testified he took medication to control his high blood pressure. R. 21.

Crocker's activities included grocery shopping, fishing, and mowing his yard. R. 28–29. He testified he had lifted objects in the preceding year weighing thirty pounds. R. 30. Crocker's wife's testimony before the ALJ corroborated this testimony. R. 32–33.

The medical evidence demonstrates Crocker does have asbestosis. R. 131. According to Dr. Donald Eakin, who examined Crocker, he suffers from only a slightly restrictive ventilatory defect. R. 105.

The medical evidence before the ALJ further shows Crocker suffers from hypertension. R. 118. That condition is treated with medication. R. 21. In fact, Crocker's blood pressure was measured at 142/74, and later 138/94, neither of which are remarkable. R. 103, 121.

The claimant alleged disabling pain based on several other conditions, including leg pain, back pain, and neck and shoulder pain. R. 9, 22–24. The medical evidence indicates all Crocker's joints moved freely through a full range of motion. R. 94. Dr. Eakin found Crocker had minimal spondylosis of the lumbar spine and lower extremity arterial insufficiency. R. 105–106.

Dr. Howard Williams, Crocker's treating physician, concluded Crocker could lift or carry twenty-five pounds, could not stand or walk for prolonged periods, and had to avoid environments with dust or fumes present. R. 137–138. Crocker's testimony regarding his activities was consistent with these restrictions. R. 28–30.

### THE LAW

The court's only role in reviewing a decision of the Secretary is to determine whether the decision is supported by substantial evidence. *Deters v. Secretary,* 789 F.2d 1181 (5th Cir.1986). If the court finds the Secretary's decision is supported by substantial evidence, the court must affirm the Secretary's decision. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

To determine disability, the Secretary must follow a five-step evaluation, set forth in the Secretary's regulations. 20 C.F.R. § 404.1520. The five steps are: (1) is the claimant currently working; (2) does the claimant have a severe impairment; (3) does the impairment meet or equal an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) does the impairment prevent the claimant from doing past relevant work; and (5) does the impairment prevent the claimant from doing other work available in the national economy.

In the instant case, the ALJ based his decision on his finding that the claimant's combination of impairments was not severe within the meaning of the Social Security Act, 42 U.S.C. § 423(d). R. 10. The following standard has been adopted for determining whether a claimant's impairment is severe:

> An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985). The ALJ found "[t]he claimant does not have any impairment or impairments which more than slightly limit his ability to perform basic work-related functions...." R. 10. This finding is supported by substantial evidence.

The medical evidence includes findings of slight ventilatory defect and minimal spondylosis. R. 102–117. Further, the claimant's hypertension is controlled by medication. R. 21. The record contains substantial evidence upon which the ALJ could base his decision.

### CONCLUSION

The claimant's motion for summary judgment is DENIED. The Secretary's motion for summary judgment is GRANTED.